MILLS & GIBB *et al. v.* WEBB & COMPANY *et al.*

Under the facts in evidence, there being no charge of insolvency as to Bass Bros. & Co., there was no abuse of discretion in disposing of the case touching a receiver and the interlocutory injunction.                                                    *Judgment affirmed.*

August 1, 1892.

Injunction and receiver. Debtor and creditor. Before Judge JANES. Floyd county. At chambers, March 11, 1892.

The decision refusing an injunction and receiver in this case was put upon the ground solely, that Webb & Co., the debtors, were not traders at the time of filing the petition. On February 3, 1892, Webb & Co. made a sale to Bass Bros. & Co., for $4,960, of the entire stock of goods, fixtures and all other property in the storehouse of Webb & Co., the sum named being the estimate placed upon the stock on the basis of sixty-two cents on the dollar of original cost. Payment was

made by Bass Bros. & Co. giving their notes for $1,490, $1,500, $400 and $370 to J. F. Green, Henry Harvey and Mrs. Barker, who were creditors of Webb & Co., and by payment of $1,000 in cash, the remaining $200 being held subject to the order of Webb & Co. The contract of sale further provided that should the sixty-two cents on the dollar amount to more than $4,960 upon taking an inventory, Bass Bros. & Co. would give their note to N. Cochran, the father of one of the firm of Webb & Co., to whom also they were indebted, for such excess. The sale was made and the keys of the store delivered to Bass Bros. & Co. about ten o'clock in the morning. The petition of Mills & Gibb of New York, and of B. & A. Haas and the Ladies' Suit Manufacturing Co. of Cincinnati, was filed on the same day. The judge granted a restraining order and appointed a temporary receiver who went to the store about nine o'clock in the evening and took possession. The taking of the inventory of the stock was then in progress. The plaintiffs in error allege that the evidence showed that at the time of the filing of the petition the sale had not been completed; that it was an inchoate sale at best; that entire delivery had not been made, and something still remained to be done to complete the transaction; that it was shown that Webb & Co. were still doing business on that day, and sufficient time had not elapsed since the temporary closing of their doors to place them out of the category of traders sufficiently to carry them beyond the intent of the statute; and that even if delivery had been complete and Webb & Co. were no longer traders, the evidence showed that the transaction was made in great haste and in fraud of their creditors, and for the express purpose of hindering, delaying and defrauding their creditors, and a receiver should have been made permanent.

The original petition alleged that the petitioners were

creditors of Webb & Co. by accounts which were past due, and payment of which had been demanded and refused; that Webb & Co., being insolvent, made the sale to Bass Bros. & Co. for the purpose of avoiding the payment of their debts, which purpose was known to Bass Bros. & Co.; that the price was inadequate; and that both the vendors and vendees acted in fraud of the petitioners and other creditors, etc. The prayer was for receiver, for setting aside of the sale and *pro rata* division of the proceeds of the assets among all the creditors, and for restraining order. Two of the petitioners, B. & A. Haas and the Ladies' Suit Manufacturing Co., were claimed by the defendants to be one and the same firm, and therefore it was contended that there were not three creditors who were parties plaintiff to the original petition. Other creditors were made parties by amendment two days after the original petition was filed. The evidence for the plaintiffs was, that the two plaintiffs claimed to be the same firm are separate and distinct, dealing in different classes of goods and keeping separate and distinct sets of books, although part of the business of one of them is done at the same place as that of the other; also, that some of the parties interested in the business of one of them have no interest in the business of the other.

The evidence on the subject of fraud in the making of the sale was somewhat conflicting. The evidence is that the price was fair. There seems to be no allegation or evidence as to the insolvency of Bass Bros. & Co.

DEAN & SMITH and REECE & DENNY, for plaintiffs.

McHENRY, NUNNALLY & NEEL, DABNEY & FOUCHÉ, and C. N. FEATHERSTON, *contra*.